NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1253
No. 09-3767
_____

EDIN YOBANI RECINOS ORELLANA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A75-868-499)
Immigration Judge:  Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2010

Before: JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 20, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Edin Recinos Orellana (Recinos) petitions for review of two orders of the Board of

Immigration Appeals (BIA), dismissing his appeal to reopen and rescind an *in absentia* removal order and denying his motion to reopen and reconsider its dismissal. For the following reasons, we will deny both petitions.

I

Because we write for the parties, we recount only the facts and procedural history necessary to our decision.

A native and citizen of Guatemala, Recinos entered the United States without inspection in 1997, having crossed the border near Brownsville, Texas. Recinos was detained by U.S. Immigration and Customs Enforcement and served with a Notice to Appear (NTA) in December 1997. Shortly thereafter, Recinos retained Thelma Garcia as his legal counsel, posted a $3,000 bond, and filed a motion to change venue to New Jersey, where his cousin, Elmer Orellana, resided.

The motion to change venue, which was signed by attorney Garcia, listed Recinos's new address as "55 Charles Way, Trenton, New Jersey 08609." The motion also represented that Recinos had retained New York lawyer Adrienne Edward to represent him in New Jersey. Although Recinos conceded removability in the motion, he attached an application for asylum in which he claimed political persecution. The order granting Recinos's motion to change venue noted his new address and the name of his new counsel.

The Immigration Court in Newark, New Jersey sent attorney Edward three Notices of Hearing (NOH) by regular mail on January 21, April 3, and April 21, 1998. The final NOH, which was sent to both Recinos and Edward, set the date of his removal proceeding for June 2, 1998. Although Edward appeared at the hearing, Recinos did not. The immigration judge ordered Recinos removed to Guatemala *in absentia*.

On January 14, 2008, some ten years after he submitted his petition for asylum, Recinos retained an immigration attorney to investigate the status of his case.[1] On May 15, 2008, Recinos filed a motion to reopen his removal proceedings, alleging that he never received copies of the NOHs sent to Edward's office and did not know that Garcia had listed Edward as his legal counsel in New Jersey. The Immigration Judge (IJ) denied his motion on June 3, 2008, finding that: (1) Recinos signed a "Notice of Appearance" consenting to Edward's representation; (2) Edward appeared on Recinos's behalf at the hearing on June 2, 1998; and (3) the April 21, 1998 NOH had been sent to Recinos's New Jersey address and not returned. Based on these facts, the IJ concluded that Recinos had sufficient notice of his hearing.

The BIA upheld the IJ's determination. Although the BIA found no "Notice of Appearance" by Edward in the record, it noted that Edward had been identified as

---

[1] Recinos attributes his ten year delay in investigating his immigration status to comments from friends that it was not unusual for Guatemalans to wait up to ten years for their asylum petitions to be adjudicated.

3

Recinos's counsel in his motion for change of venue and had appeared on Recinos's behalf at his removal proceeding. The Board also noted that Recinos failed to raise ineffective assistance of counsel claims against Garcia or Edward, despite his claim that they failed to advise him of the date of his removal hearing. Finally, the BIA held that any error resulting from the IJ's reliance on Edward's "Notice of Appearance" was harmless, because the Immigration Court sent Recinos a copy of the April 21, 1998 NOH by regular mail, and Recinos presented insufficient evidence to rebut the presumption that it had been delivered.

In January 2009, Recinos filed a motion with the BIA to reopen and reconsider its decision. Recinos attached to his motion an affidavit signed by his cousin, Elmer Orellana, averring that during the time Recinos lived with him at 55 Charles Way, they never received "any correspondence" from the Immigration Court. Because this information was available to Recinos when he moved the IJ to reopen his removal proceedings, the BIA denied his motion to reopen and reconsider.

Recinos timely filed two counseled petitions for review with this Court, which were later consolidated.

## II

We review the BIA's denial of Recinos's motion to reopen and rescind under 8 U.S.C. § 1252(a) and the highly deferential "abuse of discretion" standard. *INS v. Abudu*,

4

485 U.S. 94, 105 (1988); *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004).  As such,

these determinations "will not be disturbed unless they are found to be arbitrary,

irrational, or contrary to the law."  *Guo*, 386 F.3d at 562 (internal citations omitted).  We

uphold the IJ's factual determinations if they are "supported by reasonable, substantial,

and probative evidence on the record considered as a whole."  *Liu v. Att'y Gen.*, 555 F.3d

145, 148 (3d Cir. 2009) (citation omitted) (internal quotation marks omitted).

The Immigration and Nationality Act (INA) allows an IJ to hold removal

proceedings *in absentia* if an alien "does not attend" the proceeding after being properly

served with written notice.  8 U.S.C. § 1229a(b)(5)(A).  Under the INA, written notice

must be "given in person to the alien (or, if personal service is not practicable, through

service by mail to the alien or to the *alien's counsel of record*, if any)."  8 U.S.C. §

1229(a)(1) (emphasis added).  An *in absentia* removal order may be rescinded, however,

if the alien demonstrates that he "did not receive notice" of the hearing.  8 U.S.C. §

1229a(b)(5)(C)(ii).  "'[T]he key question in reopening a removal proceeding for lack of

notice is not whether the Immigration Court properly mailed the notice to the alien, but

whether the alien actually received the notice.'"  *Santana Gonzalez v. Att'y Gen.*, 506

F.3d 274, 277 (3d Cir. 2007) (citing *Lopes v. Gonzales*, 468 F.3d 81, 83 (2d Cir. 2006)).

The gravamen of Recinos's appeal is his claim that he never received notice of his

removal hearing.  Essential to this claim is the notion that two lawyers violated canons of

professional conduct. First, Recinos states that Garcia in Texas never informed him that Edward had been retained to represent him in Newark, New Jersey. Second, Recinos alleges that Edward failed to notify him of his scheduled hearing, even though she had received three separate NOHs specifying the time and place for the proceedings and the consequences of his failure to appear.

Recinos's claim that he was never in contact with Edward is belied by the fact that she appeared as counsel at his removal hearing.[2] Moreover, even assuming that Garcia failed to disclose to Recinos the identity of his counsel in New Jersey and that Edward failed to advise her client of his hearing date, Recinos's proper course would be to pursue a claim for ineffective assistance of counsel pursuant to *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). As the BIA correctly noted, Recinos has never claimed ineffective assistance.

Because the government discharges its obligations under 8 U.S.C. § 1229(a)(1) by serving written notice on an alien's counsel of record, we will deny Recinos's petition to review his *in absentia* removal order for insufficient notice under 8 U.S.C. §

---

[2] Although the record does not include a transcript from the hearing on June 2, 1998, we defer to the BIA's determination that Edward attended the hearing on Recinos's behalf. We are bound by the BIA's findings of fact unless a reasonable adjudicator would be compelled to arrive at a contrary conclusion. *Abdille v. Ashcroft*, 242 F.3d 477 (3d Cir. 2001).

1229a(b)(5)(C)(ii).[3]

## III

Recinos also petitions for review of the BIA's denial of his motion to reopen or reconsider its decision. We review for abuse of discretion, *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 409 (3d Cir. 2003), and "have traditionally disfavored motions to reopen immigration proceedings [because] . . . every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001) (citations omitted) (internal quotation marks omitted).

A motion to reconsider must show "the errors of fact or law" in the decision for which reconsideration is sought, INA § 240(c)(6)(c), and a motion to reopen must introduce new facts, supported by previously unavailable material evidence, which would be "proven at a hearing to be held if the motion is granted." *Id.* at § 240(c)(7)(B). Recinos's motion to reopen or reconsider fails to allege any factual or legal errors in the BIA's prior decision. Rather, Recinos repeats the allegations he made in his first motion to the BIA that he did not retain Edward as his counsel and that he never received a copy

---

[3] In light of our holding, we need not address the BIA's alternative ground for dismissing Recinos's appeal, *i.e.*, that Recinos failed to rebut the presumption that the NOH sent to his residence at 55 Charles Way was delivered. Moreover, because the three NOHs sent to Recinos's counsel of record were "reasonably calculated" to provide sufficient notice to Recinos of his June 2, 1998 hearing, Recinos's due process claim is without merit. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

of the April 21, 1998 NOH.

Moreover, Recinos fails to show that Elmer was unavailable or unable to submit his affidavit when he filed his motion in May 2008. Although Elmer's affidavit notes that he was "travelling out of the country" when Recinos was "processing his earlier motion," the BIA found this evidence inadequate to show that Elmer had been unavailable from January 14, 2008, the date Recinos retained new counsel, to June 3, 2008, when the IJ issued its decision.

Because Recinos failed to demonstrate in his motion to reopen and reconsider that Elmer was unavailable when he filed his first motion, we will deny his petition for review.

8